FILED & ENTERED

JUN 30 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

<u>ORDER NOT FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:12-bk-15665-RK |
| **CRYSTAL CATHEDRAL MINISTRIES** | Chapter 11 |
| Debtor. | **ORDER GRANTING JOINT MOTION OF PLAN AGENT AND REORGANIZED DEBTOR FOR SUBSTITUTION OF DECEASED PARTIES** |

  Pending before the court is the Joint Motion of Plan Agent and Reorganized Debtor for Substitution of Deceased Parties (ECF 1990) (the "Motion"). The Motion was filed on May 5, 2015. ECF 1991. The Motion sought to substitute the appropriate estate representative(s) of deceased parties Robert H. Schuller and Arvella Schuller. The movants contended in their moving papers that "[t]he Motion is timely because it is made within 90 days after service of a statement noting Dr. [Robert] Schuller's death, and (2) because there has not been the service of a statement noting Mrs. Schuller's death." ECF 1991 at 3. Creditors Robert H. Schuller, Robert Harold, Inc., Arvella Schuller, Carol Milner and Timothy Milner ("Creditors") filed a Response to the Motion (the "Response") on May 19, 2015. ECF 1995. Creditors in the Response contended that "Rule 25 [of the

Federal Rules of Civil Procedure] makes it clear that any motion such as this must be filed within 90 days after service of a statement noting the death." *Id.* at 1. Creditors acknowledged that "[t]he Motion was certainly made within 90 days after the death of Robert H. Schuller." *Id.* The Response did not indicate any opposition to the granting of the Motion as to substituting an estate representative for deceased party Robert H. Schuller. *Id.* at 1-3.

However, in the Response, Creditors contended that "[t]he Motion is untimely, however, with regard to Arvella Schuller and should be denied as to her." *Id.* at 1. In elaborating on this contention, Creditors asserted that the statement of Movants that there has been no service of a statement noting Mrs. Schuller's death is "inaccurate" and that "[i]n fact, there have been filed and served in this case not less than 11 such statements, by the Claimants, the Plan Agent/Reorganized Debtor, and the Court." *Id.* The Response referred to various pleadings and orders which allegedly constituted these statements noting Mrs. Schuller's death, but did not provide copies of such statements in the form of admissible evidence or any request for judicial notice under Rule 201 of the Federal Rules of Evidence. *Id.* at 1-3.

Movants filed a Reply to the Response on May 26, 2015, contending that Creditors' "position is simply wrong, and inconsistent with applicable 9th Circuit and other authority." ECF 1996 at 2, *citing inter alia, Grandbouche v. Lovell,* 913 F.3d 835, 836-737 (10th Cir. 1990); *EEOC v. Timeless Investments, Inc.,* 734 F. Supp. 2d 1035, 1056 (E.D. Cal. 2010); and an unpublished opinion in *Braden v. Plumbing & Pipefitting Indus. Local 38 Convalescent Trust Fund,* 967 F.2d 584 (9th Cir. 1992) ("The Ninth Circuit has not addressed this issue of sufficiency of notice. However, the Tenth Circuit has found that the 'running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death.' *Grandbouche v. Lovell,* 913 F.2d 835, 836 (10th Cir. 1990) (per curiam). We adopt that rule and find that no formal suggestion of

2

death was made on the record and therefore the statute of limitations had not run."). Movants, in describing Creditors' position, noted that "[b]y the Response, [Creditors] acknowledge that the Substitution Motion is timely as to Dr. Schuller but argue that 'not less than 11' statements noting Mrs. Schuller's death have been filed and served in the case" and further noted that "[Creditors] argue, without authority, that such pleading references are sufficient to trigger the 90-day period within which a motion to substitute a party is to be made pursuant to FRCP Rule 25." *Id.* at 2.

The Motion was initially heard on June 2, 2015. Nanette D. Sanders, of the law firm of Ringstad & Sanders LLP, appeared for Karen Sue Naylor, Plan Agent. Marc J. Winthrop, of the law firm of Winthrop Couchot Professional Corporation, appeared for the Reorganized Debtor. Carl L. Grumer, of the law firm of Manatt, Phelps & Phillips, LLP, appeared for Creditors. The court heard argument from counsel on behalf of the parties, and indicated that its research identified a Ninth Circuit opinion on point in *Barlow v. Ground*, 39 F.3d 231 (9th Cir. 1994), which neither side addressed in their briefing. The court continued the hearing on the Motion to June 9, 2015 in part for the parties to review and consider the *Barlow* opinion in their further argument.

In the court's tentative ruling issued June 8, 2015 for the hearing on June 9, 2015, the court stated that it was inclined to overrule the objection of Carol Milner, as representative of the deceased party Arvella Schuller because:

> "Milner has failed to show in her opposition to the motion that any of the statements she identified in her opposition constitutes a formal suggestion of death of Arvella Schuller served in the manner required by FRCP 25(a) as held by the Ninth Circuit in *Barlow v. Ground*, 39 F.3d 231, 233-235 (9th Cir. 1994). Milner's opposition in not citing any legal authority, let alone applicable controlling Ninth Circuit authority in *Barlow v. Ground*, a published opinion some 20 years ago, not only lacks merit, but appears to lack a reasonable basis in fact and law."

At the hearing on June 9, 2015, the court ordered counsel for Creditors to submit further briefing explaining why *Barlow* does not control the issues presented by the

3

1 Motion. Specifically, the court continued the hearing from June 9, 2015 to June 30, 2015
2 to permit counsel for Creditors to submit additional briefing explaining the merits of his
3 interpretation of the requirements of Federal Rule of Civil Procedure 25, made applicable
4 here by Federal Rule of Bankruptcy Procedure 7025, in light of *Barlow*. The court had
5 concerns that Creditors' prior briefing in support of their argument that certain pleading
6 references satisfied the requirement of Civil Rule 25 of a statement suggesting the death
7 of a party on the record might not have a reasonable basis in fact and law for purposes of
8 Rule 9011 of the Federal Rules of Bankruptcy Procedure in light of the Ninth Circuit
9 opinion in *Barlow* stating that the 90-day time limit of Civil Rule 25 is only triggered by a
10 formal statement noting the death of a party. Having read Creditors' additional briefing,
11 filed June 16, 2015 (ECF 1999), the court now grants the Motion, for the reasons set forth
12 below.
13     As to deceased party Robert H. Schuller, there is no opposition to the Motion, and
14 as acknowledged by Creditors, the only responding parties to the Motion, the Motion is
15 timely. As acknowledged by Creditors through counsel at the hearing on June 9, 2015
16 and in the briefing filed on June 16, 2015, Carol Milner is the personal representative of
17 the estate of Robert H. Schuller as the trustee of a trust created by Robert H. Schuller
18 and Arvella Schuller. ECF 1999 at 2-3. (Presumably, counsel for Creditors only had the
19 authority to appear on behalf of the deceased parties Robert H. Schuller and Arvella
20 Schuller in response to the Motion and object on Mrs. Schuller's behalf because he
21 represented the personal representative, Carol Milner. The court does not otherwise see
22 how counsel would have had the authority to appear on behalf of the deceased parties in
23 response to the Motion.) Accordingly, the court grants the Motion as to deceased party
24 Robert H. Schuller and orders that Carol Milner be substituted in as the personal
25 representative of deceased party Robert H. Schuller.
26     As to deceased party Arvella Schuller, the court addresses the arguments in
27 opposition to the Motion. Creditors' supplemental brief argues that *Barlow* "was limited to
28

4

1. the necessity for service of notice on a claimant's estate representatives." ECF 1999 at
2. 5:8-9 (page:line(s)).  This brief further argues that the issue presented in the Motion is
3. "whether service of a suggestion of death is necessary upon the personal representative
4. of a party <u>opposing</u> the claim…" *Id.* at 5:17-18 (emphasis in original).  This is a
5. misstatement of the issue in the Motion—whether the moving parties can substitute new
6. parties for deceased parties Robert Schuller and Arvella Schuller under Federal Rule of
7. Civil Procedure 25.  Under Civil Rule 25(a)(1), such a motion must be brought within 90
8. days "after service of a statement noting the death" or the action against the decedent
9. must be dismissed.
10.      Creditors argue that the Motion is untimely as to Arvella Schuller because her
11. death was suggested on the record more than 90 days prior to the filing of the Motion.
12. This argument lacks any legal or factual support.
13.      The Ninth Circuit's opinion in *Barlow* clearly lays out the requirements to trigger
14. the running of the 90-day period under Civil Rule 25(a)(1), which consists of "two
15. affirmative steps": "First, a party must formally suggest the death of the party upon the
16. record. *Anderson v. Aurotek,* 774 F.2d 927, 931 (9th Cir.1985); *Grandbouche v. Lovell,*
17. 913 F.2d 835 (10th Cir.1990); 3B Moore's Federal Practice ¶ 25.06[3] (2d ed. 1991) ('a
18. formal suggestion of death is absolutely necessary to trigger the running of the ninety
19. days').  Second, the suggesting party must serve other parties and nonparty successors
20. or representatives of the deceased with a suggestion of death in the same manner as
21. required for service of the motion to substitute. Fed. R. Civ. P. 25(a)(1)." *Barlow v.*
22. *Ground*, 39 F.3d at 233.
23.      The Ninth Circuit's citation in *Barlow* to Moore's Federal Practice should have sent
24. any attorney running to the library.  There, an attorney can quickly discover that "the
25. statement noting the death of a party. . . must be a formal, written document that is both
26. served on the appropriate persons and filed with the court." 6 Moore's Federal Practice,
27. §25.13[2][b] at 25-24 (3d ed. 2015), *citing, Barlow v. Ground,* 39 F.3d at 233.   Moore's
28.

5

1  Federal Practice further stated that "[a]ctual knowledge of the fact of death is never
2  sufficient to begin the running of the 90-day period." *Id.* at 25-25 and n. 22, citing cases
3  from the Second, Sixth, and Tenth Circuits without contrary authority: *Grandbouche v.*
4  *Lovell,* 3 F.3d 835, 836-837 (10th Cir. 1990) (mere reference to party's death in court
5  proceedings or pleadings was not sufficient to trigger period for filing motion for
6  substitution); *Hawes v. Johnson & Johnson,* 940 F. Supp. 697, 699-700 (D. N.J. 1996)
7  (casual mention of plaintiff's death in plaintiffs' class reply brief insufficient to trigger
8  commencement of 90-day time limit); *Kaldawy v. Gold Service Movers, Inc.,* 129 F.R.D.
9  475, 477 (S.D.N.Y. 1990) (mailing of suspense order did not constitute service, and
10 therefore, did not trigger running of 90-day period); *Tolliver v. Leach,* 126 F.R.D. 529,
11 530-531 (W.D. Mich. 1989) (oral notice of death, given at hearing, was not effective as
12 service of statement noting death).   Finally, the "Appendix of Forms to the Federal Rules
13 contains an official form that is considered sufficient to make a suggestion of death. . . . ."
14 *Id.* at 25-25 and n. 6.  Thus, Creditors' argument that pleading references are sufficient to
15 constitute a suggestion of death for purposes of Civil Rule 25(a)(1) is simply not
16 supported by any legal authority, as evidenced by their failure to cite any in support of
17 their argument.
18         Creditors' argument is that *Barlow* is inapplicable here because the issue
19 presented is "whether service of a suggestion of death is unnecessary upon the personal
20 representative of a party <u>opposing</u> the claim was simply not presented or decided in the
21 *Barlow* case." ECF 1999 at 5.  This argument is unavailing because, while the express
22 holding in *Barlow* may have been that that the 90-day period under Civil Rule 25(a)(1)
23 was not triggered because the formal suggestion of death was not served pursuant to
24 Civil Rule 4 as provided in Rule 25(a)(1) by personal delivery on the then legal
25 representative of the deceased party's estate, the court also implicitly held that what had
26 to be served was a formal suggestion of death, which was filed in the *Barlow* case, and
27 this is why the Ninth Circuit explicated on the requirements of Civil Rule 25(a)(1) in that
28

6

1  case. To say that what the Ninth Circuit said and held in *Barlow* is not applicable here is
2  hypertechnical nonsense.  Moreover, Creditors' failure to cite any legal authority in
3  support of their position that pleading references meet the requirements of Civil Rule
4  25(a)(1), let alone unassailable contrary legal authority as recited above, including the
5  Tenth Circuit's opinion in *Grandbouche v. Lovell*, cited with approval by the Ninth Circuit
6  in *Barlow,* is disappointing, to say the least.  Pleading in the Central District of California
7  is not research optional.  Creditors' position is also not factually supported by any
8  admissible evidence, as they fail to offer any evidence in opposition to the Motion and do
9  not, for example, request the court to take judicial notice of the pleadings and orders in
10 the case which they say demonstrate a suggestion of death of Arvella Schuller on the
11 record sufficient to start the 90-day period of Civil Rule 25(a)(1).  See Fed. R. Civ. P. 201.
12        As acknowledged by Creditors' counsel at the hearing on June 9, 2015 and in the
13 briefing filed on June 16, 2015, Carol Milner is the personal representative of the estate
14 of Arvella Schuller as the trustee of a trust created by Robert H. Schuller and Arvella
15 Schuller.  ECF 1999 at 2-3.
16        For the foregoing reasons, the court determines that there was no formal, written
17 document served and filed sufficient to constitute a formal suggestion of death to trigger
18 the 90-day limitations period under Civil Rule 25(a)(1) for Arvella Schuller, and the Motion
19 to substitute Carol Milner for her as her personal representative of her estate should be
20 granted. *See, e.g., Barlow v. Ground,* 39 F.3d at 233; 6 Moore's Federal Practice,
21 §25.13[2][b] at 25-24 – 25-25 and n. 22 and cases cited therein.
22        Accordingly, and for the reasons cited in the moving papers, IT IS HEREBY
23 ORDERED that the court takes the matter under submission and GRANTS the Motion.
24 Carol Milner is substituted as the estate representative for deceased parties Robert H.
25 Schuller and Arvella Schuller.
26        ///
27        ///
28

1     The hearing currently set for June 30, 2015 at 3:00 p.m. is vacated and taken off
2 calendar.  No appearances are required on June 30, 2015.
3     IT IS SO ORDERED.

4                              ###

Date: June 30, 2015

_____
Robert Kwan
United States Bankruptcy Judge