

**FILED & ENTERED**

**MAR 28 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** castro    **DEPUTY CLERK**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CRYSTAL CATHEDRAL MINISTRIES,<br>a California nonprofit corporation,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 2:12-bk-15665-RK<br><br>Chapter 11<br><br>**MEMORANDUM DECISION AND ORDER ON JOINT MOTION OF REORGANIZED DEBTOR AND PLAN AGENT FOR AN AWARD OF COSTS AND ATTORNEYS FEES UNDER 17 U.S.C. § 505** |

The Joint Motion of Plan Agent and Reorganized Debtor for an Award of Costs and Attorneys Fees Under 17 U.S.C. § 505 In Connection With the Successful Defense of the Copyright Infringement Claims Filed by Robert H. Schuller, Robert Harold, Inc., Arvella Schuller, Carol Milner and Timothy Milner [Docket No. 1912] (the "Motion"), came on for hearing before the undersigned United States Bankruptcy Judge, initially on December 16, 2013 and subsequently on other dates, including on October 15, 2014 and December 3, 2014.

Marc J. Winthrop, of the law firm of Winthrop Couchot Professional Corporation, appeared on behalf of the reorganized debtor, Crystal Cathedral Ministries (the "Reorganized Debtor"). Nanette D. Sanders, of the law firm of Ringstad & Sanders LLP,

1  appeared on behalf of Karen Sue Naylor, the plan agent (the "Plan Agent").  Carl L.
2  Grumer, of the law firm of Manatt, Phelps & Phillips, LLP, appeared on behalf of
3  claimants Robert H. Schuller, Arvella Schuller, Robert Harold, Inc., Carol Milner and
4  Timothy Milner (collectively, the "Claimants").  By prior order, Carol Milner has been
5  substituted for Claimants Robert H. Schuller and Arvella Schuller as their representative
6  since their deaths have been suggested on the record.
7       The court having read and considered the Motion, and all pleadings and
8  documents filed by the various parties in interest with respect to the Motion, the
9  arguments of counsel at the initial hearing on the Motion on December 16, 2013, and all
10 subsequent continued hearings on the Motion, including October 15, 2014 and December
11 3, 2014, receiving written evidence at the hearing on December 3, 2014 with the parties
12 waiving the right to an evidentiary hearing, and with good cause appearing therefor,
13 pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure, makes
14 the following findings of fact and conclusions of law:
15      A.     The court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and
16 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).  Venue
17 of this Chapter 11 bankruptcy case and the Motion in this district is proper under 28
18 U.S.C. §§ 1408 and 1409.
19      B.     Proper, timely, adequate and sufficient notice of the Motion and the hearing
20 on the Motion has been provided in accordance with Sections 102(1) and 105(a) of the
21 Bankruptcy Code, 11 U.S.C., and Rule 9014 of the Federal Rules of Bankruptcy
22 Procedure.  Such notice was good and sufficient, and appropriate under the particular
23 circumstances, and no other or further notice of the Motion or the hearing is required.
24      C.     A reasonable opportunity to object or be heard with respect to the Motion
25 and the relief requested therein has been afforded to all interested persons and entities.
26      D.     By its Amended Memorandum Decision on Costs Re: Objections to Claims
27 of Dr. Robert H. Schuller, Robert Harold, Inc., Arvella Schuller, Timothy Milner, and Carol
28

1 S. Milner [Docket No. 1415], the court determined that there was no prevailing party

2 following trial of the objections to Claimant's claims for the purposes of Rule 54(d)(1)

3 ("Rule 54") of the Federal Rules of Civil Procedure, made applicable here by Rules 7054

4 and 9014 of the Federal Rules of Bankruptcy Procedure.

5      E.    The court's previous Rule 54 decision does not preclude the claims raised

6 by the Reorganized Debtor and Plan Agent in their Motion pursuant to Section 505 of

7 Title 17 of the United States Code ("Section 505") because the legal standards of Rule 54

8 and Section 505 are not the same, and thus, a determination under one substantive

9 standard does not necessarily preclude a determination under another standard, and

10 some sort of collateral estoppel as apparently being argued by Claimants would not be

11 applicable. *See Arkla Energy Resources, a Division of Arkla, Inc. v. Roye Realty &*

12 *Developing, Inc.*, 9 F.3d 855, 866 (10th Cir. 1993) (determination of a "prevailing party"

13 for the purposes of Rule 54 is not binding or preclusive for the purposes of a separate

14 and distinct statute awarding attorney fees to a "prevailing party").

15      F.    The court issued its original Memorandum Decision on Motion of Plan

16 Agent and Reorganized Debtor for Judgment on Partial Findings re: Objections to Claims

17 of Dr. Robert H. Schuller, Robert Harold, Inc., Arvella Schuller, Timothy Milner, and Carol

18 S. Milner [Docket No. 1386] on November 26, 2012.  The Amended Memorandum

19 Decision on Motion of Plan Agent and Reorganized Debtor for Judgment on Partial

20 Findings re: Objections to Claims of Dr. Robert H. Schuller, Robert Harold, Inc., Arvella

21 Schuller, Timothy Milner, and Carol S. Milner [Docket No. 1414], was issued on

22 December 4, 2012 to address administrative issues and did not modify the substance of

23 the original Memorandum Decision. . Based upon the record and findings of the court as

24 set forth in its Amended Memorandum Decision on Motion of Plan Agent and

25 Reorganized Debtor for Judgment on Partial Findings re: Objections to Claims of Dr.

26 Robert H. Schuller, Robert Harold, Inc., Arvella Schuller, Timothy Milner, and Carol S.

27 Milner, [Docket No. 1414], the court determines that the Reorganized Debtor and the

28

Plan Agent were the prevailing parties as to all of the Copyright Claims[1] as provided by Section 505.

  G. In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994), the Supreme Court stated that under Section 505, "attorney's fees are to be awarded only as a matter of the court's discretion." However, in saying so, the Supreme Court observed: "'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id.* (footnote omitted). The Supreme Court noted that some courts have suggested the use of several nonexclusive factors in making awards of attorneys' fees to any prevailing party under Section 505, including five factors listed by the Third Circuit in *Lieb v. Topstone Industries, Inc.,* 788 F.2d 151 (3rd Cir. 1986), which are "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Fogerty v. Fantasy, Inc.,* 510 U.S. at 534 n. 19, *quoting, Lieb v. Topstone Industries, Inc.,* 788 F.2d at 156; *accord, Seltzer v. Green Day, Inc.,* 725 F.3d 1170, 1180-1181 (9th Cir. 2013). The Supreme Court in *Fogerty v. Fantasy, Inc.,* expressly stated that it agreed that "such factors may be used to guide courts' discretion" to award fees or not under Section 505. *Fogerty v. Fantasy, Inc.,* 510 U.S. at 534 n. 19. This court now reviews these five factors in exercising its discretion under Section 505 with respect to the fee request set forth in the Motion, as follows:

  1. <u>The degree of success obtained</u>: The Reorganized Debtor and Plan Agent completely prevailed at trial on the Copyright Claims as indicated in the Amended Memorandum Decision [Docket No. 1414]. This factor is determined in favor of the Reorganized Debtor and Plan Agent.

  2. <u>Frivolousness</u>: The degree of frivolousness is a factor which the court can consider under Section 505. A finding of bad faith, frivolous or vexatious

---

[1] Unless otherwise noted, defined terms herein are as set forth in the Motion.

4

Case 2:12-bk-15665-RK    Doc 2013    Filed 03/28/16    Entered 03/28/16 14:22:17    Desc
Main Document    Page 5 of 12

conduct is not required.  See *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996) ("a finding of bad faith, frivolous or vexatious conduct is no longer required").  The court need only conclude the Claimants' case was "weak".  See *Latin American Music Co. v. American Society of Composers, Authors & Publishers (ASCAP)*, 642 F.3d 87, 91 (1st Cir. 2011) ("A showing of frivolity or bad faith is not required; rather, the prevailing party need only show that its opponent's copyright claims or defenses were 'objectively weak.'"); *ExperExchange, Inc. v. Doculex, Inc.*, 2010 WL 1881484, at *5 (N.D. Cal. 2010) (awarding prevailing defendant attorneys' fees and costs under Section 505 where the "action was factually and legally weak at the outset"); *InvesSys, Inc. v. McGraw-Hill Companies, Ltd.*, 360 F.3d 16, 20-21 (1st Cir. 2004) (citation omitted) ("even a case that is merely objectively quite weak can warrant such an award").  Here, Claimants Robert H. Schuller, Robert Harold Inc. and Arvella Schuller were objectively weak, if not reasonable in fact or law, and thus, frivolous, because they offered no credible evidence at trial in support of their Copyright Claims as discussed in the Amended Memorandum Decision [Docket No. 1414] at 3-18, 26-39 (e.g., Robert Schuller admitting at trial that he had no knowledge of any copyright infringement by Debtor of his intellectual property, which he had given Debtor a broad license to use, and Debtor owned the copyrights to Hour of Power intellectual property, and that the uncontroverted evidence indicated that to the extent that Robert Schuller and Arvella Schuller created any Hour of Power intellectual property, it was created during the scope of their employment with Debtor as "works for hire").  See Federal Rule of Bankruptcy Procedure 9011(b)(3). Claimants put a lot of stock into their argument that the ownership of the copyrights of Robert Schuller's books was a "crucial issue" because the court had found that he showed by

5

a preponderance of the evidence that he authored numerous books for which he registered copyrights. However, Claimants' argument lacks force because the ownership of the copyrights of Robert Schuller's books was not a "crucial issue" in this case since his ownership of the copyrights of his books was an undisputed fact. What was "crucial" in this case was that Robert Schuller gave Debtor a broad license to use his copyrighted books and that Claimants produced no evidence showing that Debtor ever infringed on his copyrights as he admitted during his testimony at trial. Claimants Timothy Milner and Carol Milner withdrew their Copyright Claims on the eve of trial, and they did not present any evidence that their Copyright Claims had any merit during the proceedings relating to the Motion. [Docket Nos. 1261, 1262, 1771, 1835]. The Copyright Claims of Timothy and Carol Milner were frivolous because the claims were completely lacking in evidentiary support on this record as indicated by the withdrawal of their Copyright Claims on the eve of trial and their failure to make any evidentiary showing that their Copyright Claims had any colorable merit in response to the instant motion. *See* Federal Rule of Bankruptcy Procedure 9011(b)(3). Their proffered excuse for withdrawing their Copyright Claims that "it now appears that the damages are not sufficient to warrant pursuing the Claims" is simply a pretext for withdrawing their "nuisance value only" claims pressed to the eve of trial which were completely devoid of evidentiary merit, resulting in unnecessary litigation expense to the bankruptcy estate to object to such unwarranted claims. The court determines that this factor is met in favor of the Reorganized Debtor and Plan Agent.

3. Motivation: Based upon the record before the court, given that Claimants did not offer credible evidence at trial in support of their Copyright Claims

showing that the claims had a reasonable basis in fact or law, or withdrew their claims on the eve of trial, the court can infer an improper motive and determines this factor in favor of the Reorganized Debtor and Plan Agent.

4. <u>The objective reasonableness of the losing parties factual and legal arguments</u>: This case is factually distinguishable from *Seltzer v. Green Day, Inc., supra*, relied upon by the Claimants in opposition to the Motion. The court agrees with the proposition discussed in *Seltzer v. Green Day, Inc.,* that a party lost does not render its claims patently unreasonable for purposes of Section 505. However, the court does find that the complete lack of credible evidence in support of the Copyright Claims supports a finding that the Claimants' factual and legal arguments in support of their respective Copyright Claims were not objectively reasonable, noting that: (1) the admissions of Robert Schuller that he had no personal knowledge of any copyright infringement of his intellectual property by Debtor, which he had given Debtor a broad license to use and that Debtor owned the copyrights to the Hour of Power intellectual property that he and Arvella Schuller claimed that Debtor infringed; (2) the evidence showed that any Hour of Power intellectual property created by Robert Schuller and Arvella Schuller were "works for hire" created during their employment with Debtor in whose name the copyrights to such intellectual property were registered; and (3) as to Carol Milner and Timothy Milner, they had withdrawn their Copyright Claims on the eve of trial and made no evidentiary showing in response to the instant motion or otherwise in this case that their claims had any colorable merit. Furthermore, a plaintiff's failure to register its copyright prior to filing suit rendered its claims objectively unreasonable. *See* Amended Memorandum Decision [Docket No. 1414] at 12-13, 37-38 (holding that Robert Schuller and Arvella Schuller had not satisfied the

.
.

precondition of registering copyrights for the Hour of Power intellectual property to maintain civil actions for copyright infringement, which applies to filing bankruptcy proofs of claim), *citing inter alia,* 17 U.S.C. § 411(a); *In re Idearc, Inc.,* 2011 WL 203859, at *9-11 (Bankr. N.D. Tex. 2011)[2]. This was not a "close and difficult case" like *Seltzer v. Green Day, Inc., supra,* given the circumstances of this case, namely the lack of credible evidence in support of the Copyright Claims, indicating that Claimants "should have known that [their] chances of success in this case were slim to none." *Seltzer v. Green Day, Inc.,* 725 F.3d at 1181, *citing and quoting, SOFA Entertainment, Inc. v. Dodger Productions, Inc.,* 709 F.3d 1273, 1280 (9th Cir. 2013). This factor is determined in favor of the Reorganized Debtor and Plan Agent.

5. <u>The need, in particular circumstances, to advance considerations of compensation and deterrence</u>: The policy and purpose of the Copyright Act is properly served by compensating a prevailing defendant for its attorneys' fees and costs incurred in successfully defending against the action, and to deter Claimants and other third parties from bringing frivolous or objectively unreasonable claims. *See e.g.*, *Goldberg v. Cameron*, 2011 WL 3515899, at * 6 (N.D. Cal. 2011) ("An award of attorneys' fees would advance considerations of compensation and deterrence because it would encourage defendants to defend themselves against meritless claims, instead of seeking settlement to avoid the cost and inconvenience of litigation. An award of fees in this case would deter other plaintiffs from bringing meritless, objectively unreasonable claims."); *Figure Eight Holdings, LLC v. Dr. Jay's, Inc*., 2011 WL 5839655, at *1 (C.D. Cal. 2011)

---

[2] In this regard, Movants cite to a pre-2007 unpublished disposition of the Ninth Circuit for a proposition of law, which the court declines to cite because this would not be permitted under Ninth Circuit Rule 36-3.

("While a prevailing plaintiff is compensated for victory through money damages or equitable remedies, prevailing defendants are left having expended funds, even in defense of unmeritorious claims.  Thus, the Court finds that defendants are entitled to reasonable attorney's fees."); *Assessment Technologies of Wisconsin, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004) ("The point is only that when a meritorious . . . defense is not lucrative, an award of attorneys' fees may be necessary to enable the party possessing the meritorious . . . defense to press it to a successful conclusion rather than surrender it because the cost of vindication exceeds the private benefit to the party.").  The estate had to litigate the Copyright Claims and incurred enormous expense in doing so. [Docket Nos. 1462-1467].  Moreover, the court determines that the financial condition of the Claimants and their ability or inability to pay may be considered under limited circumstances. *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) (citation omitted) (noting that "ability to pay" is only relevant as to a plaintiff who is "impecunious").  The court has considered the evidence proffered by the Claimants as to their current financial condition and the contrary evidence proffered by the Reorganized Debtor and the Plan Agent as to the unexplained disposition of substantial funds or assets by Robert H. Schuller, Arvella Schuller and Robert Harold, Inc.  The court finds that the Claimants have not adequately explained the disposition of substantial funds received by Mr. and Mrs. Schuller, or Robert Harold, Inc., and that they are not "impecunious"; defined by Merriam-Webster's dictionary as "having very little or no money usually habitually". *Merriam-Webster Dictionary* (online ed. 2016), http://www.merriam-webster.com/dictionary/impecunious (accessed March 28, 2016). Nevertheless, the circumstances here warrant some mitigation of the need

9

|   |   |
|---|---|
| 1 | for deterrence in light of the fact that two of the Claimants, Robert H. |
| 2 | Schuller and Arvella Schuller, are now deceased after serious illness, and |
| 3 | Claimant Carol Milner has a medical disability which impacts her ability to |
| 4 | earn income. |

H. Where the court apportions attorney fees between copyright and non-copyright claims, "the impossibility of making an *exact* apportionment does not relieve the district court of its duty to make *some* attempt to adjust the fee award in an effort to reflect an apportionment." *The Traditional Cat Association, Inc. v. Gilbreath*, 340 F.3d 829, 834 (9th Cir. 2003) *quoting, Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (emphasis in original). "There is no precise rule or formula for making these determinations." *The Traditional Cat Association, Inc. v. Galbreath*, 340 F.3d at 834 (citation omitted). The court necessarily has discretion in making this equitable judgment. *The Traditional Cat Association, Inc. v. Galbreath,* 340 F.3d at 834-835. In support of the Motion, the Reorganized Debtor and Plan Agent submitted detailed time records and a comprehensive analysis of the allocation of fees incurred in defending against the Copyright Claims and the other claims asserted by the Claimants, as well as amongst the Claimants for the defense of the individual Copyright Claims (*See* Declaration of Marc J. Winthrop in Support of Motion [Docket No. 1463], Declaration of Todd C. Ringstad in Support of Motion [Docket No. 1467], and Declaration of Nanette D. Sanders in Support of Motion [Docket No. 1966]). The methodology employed for allocation of fees incurred in defending against the Copyright Claims and the other claims asserted by the Claimants is reasonable for the reasons set forth in the Reorganized Debtor's and the Plan Agent's papers, and based upon the manner in which the objections to the Copyright Claims were prosecuted. The allocation of fees incurred in defending against the Copyright Claims amongst the Claimants is likewise reasonable. The Reorganized Debtor and Plan Agent have established the reasonableness of the rates charged and necessity of the services rendered. Based upon such evidence, the court finds that the

1 | Reorganized Debtor and Plan Agent incurred fees in defending against the Copyright
2 | Claims as follows:  Ringstad & Sanders LLP - $381,965.50 [Docket 1467]; Winthrop
3 | Couchot Professional Corporation - $358,703.75 [Docket No. 1463]; and Lutzker &
4 | Lutzker LLP - $239,615.86 [Docket 1464], for a total of $980,285.11.  Such fees are
5 | allocable amongst the Claimants based upon the following percentages:  Robert H.
6 | Schuller, Robert Harold, Inc. and Arvella Schuller – 44%; Timothy Milner and Carol S.
7 | Milner – 7%; all Claimants – 49% [Docket No. 1966].

    I.    Consistent with the dictates of Section 505, the court grants the Motion and awards fees in favor of the Reorganized Debtor and Plan Agent, against Robert H. Schuller, Robert Harold, Inc. and Arvella Schuller, jointly and severally, in the amount of $62,865.40.

    J.    Consistent with the dictates of Section 505, the court grants the Motion and awards fees in favor of the Reorganized Debtor and Plan Agent, against Timothy Milner and Carol S. Milner, jointly and severally, in the amount of $7,193.74.

    K.    Pursuant to the terms of the confirmed Chapter 11 plan (the "Plan") [Docket No. 812] in this Chapter 11 bankruptcy proceeding, all allowed claims against the estate are entitled to interest, calculated at the rate of 4.25% from the petition date (October 18, 2010) through the date of payment of the principal amount of such allowed claim (December 21, 2012).  The Reorganized Debtor and the Plan Agent may offset the amount of the interest due on account of the allowed non-Copyright Claims of the Claimants, in the following amounts: Robert H. Schuller - $62,865.40; Timothy Milner and Carol Milner - $7,193.74 against the Fee Award.   Under the circumstances of this case, these amounts are the appropriate amounts to promote the need for deterrence for asserting unreasonable claims under Section 505.

    L.    The awards issued pursuant to Paragraphs I and J herein shall be referred to collectively as the "Fee Award".  The Reorganized Debtor and the Plan Agent shall be stayed from enforcing the Fee Award against Robert H. Schuller, Robert Harold, Inc. and

Arvella Schuler, other than by means of offsetting interest payments due such Claimants per the Plan, as provided in Paragraph K herein.

M.  The court has discretion to award fees and costs on a joint and several basis pursuant to Section 505.  *See U.S. Media Corp., Inc. v. Edde Entertainment, Inc.*, 1999 WL 498216, *11 (S.D.N.Y. 1999) ("The responsibility for attorney's fees and costs under the copyright statute may be joint and several.  It is within the court's discretion whether to impose liability in that way . . . ."); *Miroglio S.P.A. v. Conway Stores, Inc.*, 629 F.Supp.2d 307, 316 (S.D.N.Y. 2009) ("The Second Circuit has squarely held that it is within the trial court's discretion to determine whether the defendants will be jointly and severally liable for attorney's fees."), *citing, Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103, 114 (2nd Cir. 1988).  Based upon the facts and circumstances of this case and the differing nature of the underlying claims asserted by each of the Claimants, the court declines to assess joint and several liability upon all Claimants of the Fee Award issued herein.  Since the award is based on the offset of interest payments due to such Claimants under the Plan, there is no need to impose general joint and several liability here.

This memorandum decision constitutes the court's findings of fact and conclusions of law.  The Reorganized Debtor and the Plan Agent are ordered to lodge proposed final judgment(s) or order(s) consistent with this memorandum decision within 14 days of entry of this memorandum decision.

IT IS SO ORDERED.              ###

Date: March 28, 2016

_____
Robert Kwan
United States Bankruptcy Judge