FILED & ENTERED

NOV 12 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CRYSTAL CATHEDRAL MINISTRIES,<br><br>Debtor. | Case No. 2:12-bk-15665-RK<br><br>Chapter 11<br><br>**ORDER OVERRULING RENEWED OBJECTIONS OF CRYSTAL CATHEDRAL MINISTRIES AND DOUGLAS MAHAFFEY TO FILING OF SUPPLEMENTAL BRIEF AND EXHIBITS IN SUPPORT THEREOF BY CAROL MILNER AND MODIFYING SCHEDULE OF SUPPLEMENTAL BRIEFING ON MOTION FOR SANCTIONS OF CAROL MILNER AND HAROLD J. LIGHT BY EXTENDING REMAINING DEADLINES BY ONE WEEK** |

TO MOVING PARTIES CAROL MILNER AND HAROLD J. LIGHT AND RESPONDING PARTIES DOUGLAS L. MAHAFFEY, ESQ., AND CRYSTAL CATHEDRAL MINISTRIES:

Pending before the court is the motion of Carol Milner and Harold J. Light ("Moving Parties") for Rule 9011 Sanctions against Douglas L. Mahaffey, Esq., and Crystal Cathedral Ministries ("Responding Parties"), filed on July 2, 2019 ("Sanctions Motion").[1] In

---

[1] In this order, the court refers to Milner and Light as moving parties since they are the moving parties on the Sanctions Motion and to Mahaffey and Crystal Cathedral Ministries as responding parties. This is in contrast to the related contempt motion brought by Crystal Cathedral Ministries, wherein it was the moving party and Milner and Light were the responding parties.

-1-

**ORDER**

this order, the court also refers to Milner and Light as "Milner," Douglas L. Mahaffey, Esq. as "Mahaffey," and Crystal Cathedral Ministries as "CCM."

The court conducted a hearing on the Sanctions Motion on September 18, 2019, and at the hearing, the Moving Parties requested leave of court to file supplemental briefing and evidence in support of the motion, the Responding Parties objected to this request, and the court, having heard argument on the objections, overruled the objections and granted the request of the Moving Parties for supplemental briefing and evidence. The court had stated that granting the request was analogous to Federal Rule of Civil Procedure ("FRCP") 15 providing for liberal amendment of pleadings.  At the hearing, after conferring with counsel, the court also set a schedule for submission of supplemental briefing and evidence, which counsel orally agreed to and the court ordered:  October 25, 2019 for submission of supplemental briefing and evidence by Milner, November 25, 2019 for submission of supplemental briefing and evidence by CCM and Mahaffey and December 9, 2019 for reply by Milner.

On September 24, 2019, CCM filed and served a formal written objection to the "order" (i.e., the court's oral ruling of September 18, 2019) allowing Milner to file "amended" or further briefing or evidence, arguing that FRCP 15 only refers to pleadings, and the sanctions motion is not a pleading within the meaning of FRCP 15, citing FRCP 7 (defining pleading).  This objection is a renewed one because CCM's oral objection was ruled upon and overruled by the court at the hearing on September 18.  In this renewed objection, CCM specifically requested the court to rule on the Sanctions Motion as filed and argument provided at the hearing on September 18, 2019 because, as CCM respectfully submitted in the objection, it was inappropriate to allow Milner to amend her motion under FRCP 15.  In effect, CCM was requesting that the court rescind its oral ruling on September 18, 2019, allowing Milner to file the supplemental briefing and evidence in support of the Sanctions Motion, which would be a request for an order that constitutes a motion within the meaning of Local Bankruptcy Rule 9013-1(a).

On September 27, 2019, Milner filed and served a reply to CCM's renewed objection, arguing that the court has discretion to authorize supplemental briefing, regardless of whether it would be considered an amended pleading within the meaning of FRCP 15, *citing, Snyder v. HSBC Bank, USA, N.A.*, 873 F.Supp.2d 1139 (D. Ariz. 2012).

On October 10, 2019, Mahaffey filed a joinder in CCM's renewed objection to allow Milner to submit supplemental briefing and evidence and requested the court set a briefing schedule for filing movant's supplemental brief and evidence, and for the filing of responses by him and CCM.  By his joinder in CCM's renewed objection, Mahaffey was also requesting that the court rule on the papers as of the date of the hearing on September 18, 2019.

On October 25, 2019, Milner filed her supplemental memorandum and evidence in support of the Sanctions Motion.

The issue raised by the formal and renewed objections of CCM and Mahaffey is whether the court should consider Milner's supplemental memorandum at all, on grounds that the "record" was closed after the hearing on the motion.  In their renewed objections to the supplemental briefing and evidence, the Responding Parties contend that FRCP 15 does not support the court's ruling overruling their original objections because FRCP 15 is inapplicable as the Sanctions Motion is not a pleading within the meaning of FRCP 7.  The Responding Parties correctly argue that FRCP 15 is inapplicable because the Sanctions Motion is not a pleading.  *Snyder v. HSBC Bank, USA, N.A.*, 873 F.Supp.2d at 1155. Despite the court's improvident reference to FRCP 15, Milner makes the better argument on the merits in her response to CCM's formal objection, however, that this bankruptcy court, as a trial court, has inherent powers to manage its cases and courtrooms in order to manage its affairs so as to achieve the orderly and expeditious disposition of cases, which includes authorizing supplemental briefing.  *Id.* (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-45 (1991)).

The local bankruptcy rules govern the briefing schedule for motions, i.e., Local Bankruptcy Rule 9013-1, which provides that a motion is heard and considered upon a

hearing after the filing of any written opposition and a reply thereto. As Milner points out, however, under Local Bankruptcy Rule 1001-1(d), the local bankruptcy rules are not intended to limit the discretion of the court, and the court may waive the application of any local bankruptcy rule or make additional orders as it deems appropriate in the interest of justice. When the court overruled the oral objections of the Responding Parties and granted Milner the opportunity to submit supplemental briefing and evidence, it was exercising its discretion and making an additional order in the interest of justice. Milner requested the opportunity to amend or supplement her motion to address the court's concerns expressed at the hearing on September 18, 2019 for clarification of what findings of specific bad faith misconduct that Milner was requesting the court to make under its inherent authority as to each responding party. *See, e.g., Premus Automotive Financial Services v. Batarse,* 115 F.3d 644, 648-650 (9th Cir. 1997) (trial court must make an explicit finding of bad faith misconduct to impose sanctions under its inherent authority for bad faith, which may not be imputed from the conduct of others, including attorneys, and "[s]uch a finding is especially critical when the court uses its inherent powers to engage in fee-shifting"). It was and is in the interest of justice to give Milner a full and fair opportunity to be heard on her claims for sanctions against the Responding Parties for having to respond to a contempt motion which she alleges was frivolous and in bad faith, for which she now claims to have incurred over $150,000 in attorneys' fees (*Supplemental Memorandum*, ECF 2127 at 16-17). This is a substantial sum, and Milner deserves to be fully heard on a properly developed record, but whether the Sanctions Motion is meritorious is yet to be determined, and CCM and Mahaffey equally have a full and fair opportunity to be heard on Milner's claims. *Premus Automotive Financial Services v. Batarse,* 115 F.3d at 650 ("Sanctions not only may have a severe effect on the individual attorney sanctioned but also may deter future parties from pursuing colorable claims."). As discussed herein, the court determines that its original ruling overruling the objections of the Responding Parties was correct.

As to CCM's argument that allowing Milner to submit supplemental briefing and evidence in support of the Sanctions Motion allows her "to revisit years of litigation in seeking monetary sanctions" and "expands this dispute," the court determines that this is not the case as shown by the supplemental briefing and evidence filed by Milner, which pertained to CCM's contempt motion proceedings.  The bulk of the supplemental evidence is the transcript of the hearing on CCM's contempt motion.  The other supplemental exhibits were the billing entries of Milner's counsel and two exhibits from the trial of the contempt motion, an email message chain between Milner and CCM and minutes of a CCM board meeting in 2011.  Since the focus of Milner's supplemental briefing is on Milner's claim for sanctions under the court's inherent authority, further briefing should focus on that claim rather than on the claim under Federal Rule of Bankruptcy Procedure 9011, which appears to be adequately briefed.

The court determines that its original rulings overruling the objections of the Responding Parties to Milner's supplemental briefing and evidence were correct, and therefore overrules the Responding Parties' renewed objections and will consider Milner's supplemental memorandum and evidence.  However, given the delay of the court in ruling on the renewed objections of CCM and Mahaffey, which were not noticed for hearing as motions requesting an order reconsidering the prior ruling pursuant to Local Bankruptcy Rule 9013-1(c) and (d), and having to review the record relating to the Sanctions Motion, the court on its own motion will exercise its inherent powers over case management and extend the remaining briefing deadlines by one week to avoid any ambiguity in the briefing schedule in light of the renewed objections (i.e., it was unclear whether the Responding Parties by their formal objections were just "making a record", or requesting reconsideration of the prior ruling, or both) and to minimize any prejudice to the parties.

CCM and Mahaffey must file and serve their briefs and evidence in response to Milner's supplemental memorandum and evidence, if any, on or before December 2, 2019 (one week after the original deadline of November 25, 2019 set at the hearing on September 18, 2019).

-5-
**ORDER**

Milner must file and serve a brief in reply to the responsive supplemental briefs and evidence of CCM and Mahaffey, if any, on or before December 16, 2019 (one week after the original deadline of December 9, 2019).

The court orders that no further briefing or evidence be submitted beyond what was authorized at the hearing on September 18, 2019, except upon application for good cause shown.

As stated at the hearing on September 18, 2019, the court will take the Sanctions Motion under submission after the close of the supplemental briefing, but pursuant to the schedule modified by this order.

IT IS SO ORDERED.

###

Date: November 12, 2019

Robert Kwan
United States Bankruptcy Judge